**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ICC EVALUATION SERVICE, LLC,<br><br>   3060 Saturn Street<br>   Suite 100<br>   Brea, California 92821,<br><br>           *Plaintiff*,<br><br>    v.<br><br>INTERNATIONAL ASSOCIATION OF<br>PLUMBING AND MECHANICAL OFFICIALS,<br>INC. and IAPMO EVALUATION SERVICE,<br>LLC,<br><br>   4755 E. Philadelphia Street,<br>   Ontario, California 91761,<br><br>        *Defendants*. | Civil Action No.: 1:16-cv-54<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff ICC Evaluation Service, LLC ("ES") brings this action under the Copyright Act, 17 U.S.C. §§ 101 et seq., to remedy massive, flagrant, and willful copyright infringement of its publications by the International Association of Plumbing and Mechanical Officials, Inc. ("IAPMO") and the IAPMO Evaluation Service, LLC ("IAPMO-ES") (collectively, "Defendants"). ES also brings state law causes of action for widespread breach of contract, tortious interference with ES's contracts with its customers, and tortious interference with ES's prospective business relationships. ES seeks compensatory and punitive damages, and also permanent and temporary injunctive relief requiring Defendants to cease and desist from their infringement and to remove from distribution in every form, including Internet distribution, all infringing reproductions of its copyrighted works. For its causes of action, ES alleges as follows:

1

## NATURE OF THE ACTION

1.      ES evaluates independent third-party data as to building products, components, methods, and materials to assess their compliance with building codes and regulations.   Each technical evaluation culminates with an original Evaluation Report authored by ES, detailing its findings and recommendations.   To that end, ES employs highly experienced professionals, including licensed architects and engineers specializing in civil, structural, fire protection, and mechanical engineering.   ES's completed Evaluation Reports are available free of charge on its website.

2.      ES also develops original criteria, called Acceptance Criteria, on which ES relies to assess independent third-party data and write Evaluation Reports.   After approval by ES committees, the Acceptance Criteria become available for purchase online.

3.      With this action, ES seeks to enjoin Defendants' widespread unlawful behavior and to recover ES's damages attributable to Defendants' copyright infringement, breach of contract, and tortious conduct relating to certain ES Evaluation Reports and Acceptance Criteria.

## JURISDICTION AND VENUE

4.      ES's copyright infringement claim arises under 17 U.S.C. §§ 101 et seq. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. § 1331.   *See also* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled…to institute an action for any infringement of that particular right committed while he or she is the owner of it."); 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights").

5.     This Court has supplemental jurisdiction over ES's claims for breach of contract, tortious interference with contract, and tortious interference with prospective business relationships under 28 U.S.C. § 1367.

6.     Venue is proper in this Court because Defendants reside or may be found in the District of Columbia.  28 U.S.C. §§ 1391(c)(2), 1400(a).

7.     In addition, Defendants have consented to exclusive venue in the District of Columbia for any action based on or alleging a breach of certain agreements at issue in this case. Specifically, the terms of use for ES's website (the "Website User Agreement"), which governs all users' access to and use of ES's website and access to content available on it, provides that the laws of the District of Columbia apply to interpreting the Website User Agreement, that courts in the District of Columbia have exclusive jurisdiction for any action based on or alleging a breach of the Website User Agreement, and that users consent to venue in the District of Columbia for such actions.

## PARTIES

8.     Plaintiff ES is a limited liability company organized under the laws of the State of Delaware.  ES's principal place of business is at 3060 Saturn Street, Suite 100, Brea, California 92821.

9.     ES is a subsidiary of the International Code Council, Inc. ("ICC") and part of the ICC family of companies, which are dedicated to the construction of safe, sustainable, affordable and resilient structures.

10.     ES authors original technical Evaluation Reports evaluating components, methods, and materials for compliance with building codes and regulations.  ES also authors original Acceptance Criteria, which it uses as the basis for issuance of future Evaluation Reports.

ES has been developing Acceptance Criteria and issuing Evaluation Reports since at least as early as 2003.

11.     The ES Evaluation Reports and Acceptance Criteria benefit the public by ensuring that products and assessment criteria comply with the relevant building codes.

12.     Defendant International Association of Plumbing and Mechanical Officials, Inc. ("IAPMO") is a corporation organized under the laws of the State of California, with its principal place of business at 4755 E. Philadelphia Street, Ontario, California 91761.

13.     Defendant IAPMO develops model building codes, including the Uniform Plumbing Code and Uniform Mechanical Code.

14.     Defendant IAPMO Evaluation Service, LLC ("IAPMO-ES") is a limited liability corporation organized under the laws of the State of California, with its principal place of business at 4755 E. Philadelphia Street, Ontario, California 91761.  On information and belief, IAPMO-ES is a subsidiary of International Association of Plumbing and Mechanical Officials.

15.     Defendant IAPMO-ES creates evaluation criteria, evaluates building products, and writes evaluation reports.

### THE COPYRIGHT ACT

16.     "Copyright protection subsists…in original works of authorship fixed in any tangible medium of expression…from which they can be perceived, reproduced, or otherwise communicated." 17 U.S.C. § 102(a).

17.      A copyright confers exclusive rights on its owner, including the sole ability to reproduce or distribute the copyrighted work or prepare derivative works.  *See, e.g.*, 17 U.S.C. § 106.

18.     Copyright "vests initially in the author or authors of the work." 17 U.S.C. § 201(a).

19.     An employer's authorship includes works generated by employees within the scope of their employment. 17 U.S.C. § 101 (defining "work made for hire").

20.     Any person or entity infringing on a copyright owner's exclusive rights violates the copyright. 17 U.S.C. § 501.

21.     The owner of a copyright may enforce its rights against infringers by filing for an injunction and is entitled to receive actual damages and the infringer's additional profits. 17 U.S.C. §§ 502 (injunction), 504 (actual damages, profits).  In addition, copyright owners may also be entitled to recover statutory damages. *Id.* § 504.

## FACTUAL ALLEGATIONS

### Copyright Infringement

22.     ES is the author and owner of the ES Evaluation Reports and ES Acceptance Criteria, which are ES's proprietary and copyrighted material.

23.     ES develops ES Acceptance Criteria for use solely by ES for purposes of issuing ES Evaluation Reports.

24.     As set forth below, ES has registered copyrights in thirteen Evaluation Reports, three Approved Acceptance Criteria, and one Proposed Acceptance Criteria.

25.     Defendants have reproduced in substantial and significant part, and copied with minimal changes from, at least the following seventeen works authored and copyrighted by ES, referred to collectively as the "Works" and described in more detail below:

    a.  ES Evaluation Report No. ESR-1215, registration number TX 8-121-232;

    b.  ES Evaluation Report No. ESR-1607, registration number TX 8-056-612;

c.  ES Evaluation Report No. ESR-1647, registration number TX 8-088-233;

d.  ES Evaluation Report No. ESR 1835, registration number TX 8-088-865;

e.  ES Evaluation Report No. ESR 2017, registration number TX 8-088-236;

f.  ES Evaluation Report No. ESR-2380, registration number TX 8-056-472;

g.  ES Evaluation Report No. ESR-2448, registration number TX 8-056-479;

h.  ES Evaluation Report No. ESR-2481, registration number TX 8-056-514;

i.  ES Evaluation Report No. ESR-2968, registration number TX 8-072-627;

j.  ES Evaluation Report No. ESR-3111, registration number TX 8-072-638;

k.  ES Evaluation Report No. ESR-3246, registration number TX 8-056-495;

l.  ES Evaluation Report No. ESR-3420, registration number TX 8-056-608;

m.  ES Evaluation Report No. ESR-3511, registration number TX 8-056-487;

n.  ES Acceptance Criteria No. 11, copyright registration pending, special handling (expedited) application filed January 12, 2015;

o.  ES Acceptance Criteria No. 51, copyright registration pending, special handling (expedited) application filed January 11, 2015;

p.  ES Acceptance Criteria No. 86, registration number TX 8-056-596;

q.  ES Proposed Acceptance Criteria No. 453, registration number TXu 1-949-924.

26.     ES is and has been at all relevant times the owner of all rights and interests in the Works.  17 U.S.C. §§ 101, et seq.

27.     Defendants have knowingly and willfully infringed on the copyrights in the Works by reproducing the Works or copying them with minimal alterations.

28.     ES has not authorized or licensed Defendants to reproduce its copyrighted Works, to prepare derivative works based upon its copyrighted Works, or to distribute copies of the Works to the public.

29.     Defendants have used, infringed upon, distributed and otherwise profited from, and, unless enjoined by this Court, will in the future use, infringe upon, distribute, and otherwise profit from ES's Works.

30.     As a result of Defendants' wrongful conduct, ES has suffered damages and, unless this Court enjoins Defendants' wrongful conduct, ES will continue to suffer damages.

**Tortious Interference with ES's Contracts and ES's Business Relationships**

31.     ES's customers request the development of ES Evaluation Reports by completing an ES Evaluation Report Application (the "Application"), a true and correct copy of the current Application is attached hereto as Exhibit 1.

32.     The Application constitutes the contract between ES and a customer that applies for an Evaluation Report.

33.     The Application provides that "the applicant agrees to abide by . . . the Rules of Procedure of ICC Evaluation Service, LLC. . . ."  Ex. 1 ¶ 6(b).

34.     ES's Rules of Procedure, which are available on ES's website, state that "[r]eport holders must comply with these Rules of Procedure in their use of . . . the evaluation report itself . . . ."  Ex. 2 at Rule 13.1.  A true and correct copy of ES's Rules of Procedure is attached hereto as Exhibit 2.

35.     ES's Rules of Procedure state that "[t]he then-current evaluation report, as available on the ICC-ES web site, may be reproduced in its entirety *by the report holder* in the

report holder's literature, advertising, or promotional materials."  Ex. 2 at Rule 13.3 (emphasis added).

36.     ES's Rules of Procedure state that "[i]t is the report holder's responsibility not to misrepresent the evaluation report in any way. . . ." Ex. 2 at Rule 13.4.

37.     ES's Rules of Procedure state that "[i]t is the report holder's responsibility . . . to secure ICC-ES approval in advance whenever there is a question about the use of the . . . ICC-ES evaluation report." Ex. 2 at Rule 13.4.

38.     ES's Rules of Procedure set forth how and by whom an Evaluation Report may be reproduced and do not permit customers to provide ES's Evaluation Reports to Defendants to be copied and used by Defendants.  *See* Ex. 2.

39.     ES's Rules of Procedure set forth how and by whom an Evaluation Report may be reproduced and do not permit reproduction of ES Evaluation Reports in Defendants' evaluation reports.  *See* Ex. 2.

40.     Under ES's Rules of Procedure, a customer may not permit Defendants to "misrepresent" authorship of ES's proprietary material.  *See* Ex. 2 at Rule 13.4.

41.     Upon information and belief, knowing that ES's customers were under contract with ES, Defendants intentionally induced ES's customers to breach their contracts with ES by (a) providing ES's Evaluation Reports to Defendants to be copied and used by them, and/or (b) permitting reproduction of significant parts of ES Evaluation Reports in Defendants' evaluation reports, and/or (c) permitting Defendants to "misrepresent" authorship of ES's proprietary material, and/or (d) failing to obtain advance approval from ES when there was a question about the use of an ES Evaluation Report.  ES has been damaged by Defendants' conduct in this regard.

42.     Upon information and belief, knowing that ES's customers had business relationships with ES, Defendants intentionally interfered with and induced and/or caused the breach and/or termination of those prospective business relationships by offering to produce evaluation reports at a lower cost and/or more quickly by copying and reproducing ES's proprietary, copyrighted Evaluation Reports.  ES has been damaged by Defendants' conduct in this regard.

## Breach of Contract

43.     The use and access of ES's website is subject to its Website User Agreement.  A true and correct copy of the ES Website User Agreement is attached hereto as Exhibit 3.

44.     Upon information and belief, Defendants accessed and used ES's website.  Upon information and belief, Defendants had actual notice of the Website User Agreement.  In the alternative, upon information and belief, Defendants had constructive knowledge of the Website User Agreement because all pages of ES's website conspicuously feature a link to the Website User Agreement, and because Defendants' websites utilize similar links to website terms of use that Defendants claim are binding on visitors to their websites.

45.     The ES Website User Agreement provides that "[y]ou may not remove any copyright, trademark or other intellectual property or proprietary notice or legend contained on the Site or the Site Information and You must retain all copyright, trademark, service mark and other proprietary notices contained on the Site or in the original Site Information on any authorized copy You make of the Site or the Site Information."  Ex. 3 ¶ 4.

46.     The Website User Agreement also provides, *inter alia*, that "no portion of the Site or Site Information may be reprinted, republished, modified, or distributed in any form without Our express written permission."  Ex. 3 ¶ 4.  "Site Information" includes design and content

features on the Site, including information and other materials made available on the Site, such as ES Evaluation Reports.

47.     The Website User Agreement also required those accessing the website to "agree not to sell or modify the Site or the Site Information or reproduce, display, publicly perform, distribute, or otherwise use the Site or the Site Information in any way for any public or commercial purpose."  Ex. 3 ¶ 4.

48.     Upon information and belief, Defendants, on hundreds of occasions, have accessed webpages on ES's website and have accessed the ES Evaluation Reports made available through the website.

49.     Upon information and belief, Defendant IAPMO and Defendant IAPMO-ES accessed certain copyrighted ES Evaluation Reports at issue in this case before publishing the corresponding IAPMO-ES report.

## THE COPYRIGHTED WORKS

50.     On November 1, 2008, ES published ES Evaluation Report No. ESR-1215 (valid from November 1, 2008 to November 1, 2009), assessing Eldorado Stone®, Eldorado Brick® and Eldorado Adobe® Veneers and Eldorado Accents, for compliance with the 2006 versions of both the International Building and International Residential Codes.

51.     Effective November 19, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-1215, under copyright registration number TX 8-121-232.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 4.

52.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-1215, and are or have been

publishing and distributing it on the Internet as "UES Evaluation Report No. 337," in violation of ES's Website User Agreement.

53.     On February 1, 2013, ES published ES Evaluation Report No. ESR-1607 (valid from February 1, 2013 to February 1, 2015), assessing Western 1-Kote Exterior Stucco System, Dryvit Commercial Cement Plaster (CCP) System, Insulex Continuous Insulation Stucco System, Ashgove One-Coat Stucco System, and Sto Powerwall™ Stucco System, for compliance with the 1997 Uniform Building Code and the 2006, 2009, and 2012 versions of both the International Building and International Residential Codes.

54.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-1607, under copyright registration number TX 8-056-612.   A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 5.

55.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-1607, and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 382," in violation of ES's Website User Agreement.

56.     On August 1, 2015, ES published ES Evaluation Report No. ES ESR-1647 (valid from August 2015 to August 2016), assessing several Concrete Roof Tiles (Atlantis, Barcelona 900, Barcelona-Impact, Capri, Cederlite 600, Espana/Barcelona, Espana 600, Madera 900, Madera 700, Mission S / Barcelona, Saxony, Saxony 600, Saxony 700, Saxony 900, Saxony-Shake, Saxony-Slate, Saxony-Country Slate, Saxony-Split Shake, Saxony Split Slate, Saxony-Impact, Saxony 900-Impact, Spanish "S", Spanish "S" Nuevo, Tejas Espana, Vanguard Roll, Villa, Villa 600, Villa 900, and Villa 900-Impact)  for compliance with several codes including

the 2006, 2009, 2012, and 2015 versions of both the International Building and International Residential Codes.

57.     Effective September 21, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-1647, under copyright registration number TX 8-088-233.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 6.

58.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-1647 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 412," in violation of ES's Website User Agreement.

59.     On May 1, 2011, ES reissued ES Evaluation Report No. ESR-1835, assessing ODL EZ Tubular Skylights for compliance with the 2009 versions of the International Building, International Residential, and International Energy Conservation Codes.

60.     Effective September 21, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-1835, under copyright registration number TX 8-088-865. A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 7.

61.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-1835 and are or have been publishing and distributing it on the Internet as "IAPMO Evaluation Report No. 1835" in violation of ES's Website User Agreement.

62.     In December 2014, ES reissued ES Evaluation Report No. ESR-2017 assessing Structalath No. 17 SFCR II and No. 17 SFCR Twin Trac, Structa Mega Lath, V-Truss Walls and

Ceilings Lath, and Structa-Corners Reinforcements, for compliance with the 2006 and 2009 versions of both the International Building and International Residential Codes and the 1997 Uniform Building Code.

63.     Effective September 21, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-2017, under copyright registration number TX 8-088-236.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 8.

64.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ESR-2017 and are or have been publishing and distributing it on the Internet as "IAPMO Evaluation Report No. 2017" in violation of ES's Website User Agreement.

65.     On May 1, 2013, ES published ES Evaluation Report No. ESR-2380 (valid from May 1, 2013 to May 1, 2015), assessing Environmental Stoneworks Manufactured Stone Veneer for compliance with several codes, including the 2012 versions of both the International Building and Residential Codes.

66.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-2380, under copyright registration number TX 8-056-472.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 9.

67.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-2380 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 386," in violation of ES's Website User Agreement.

68.     On May 1, 2013, ES published ES Evaluation Report No. ESR-2448 (valid from May 1, 2013 to May 1, 2015), assessing Hebel Autoclaved Aerated Concrete (AAC) Panels and Hebel Thin Bed Mortar for compliance with several codes, including the 2006 and 2009 versions of the International Building Code.

69.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-2448, under copyright registration number TX 8-056-479.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 10.

70.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-2448, and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 400," in violation of ES's Website User Agreement.

71.     On April 1, 2013, ES published ES Evaluation Report No. ESR-2481 (valid from April 1, 2013 to May 1, 2014), assessing Taperlock Reinforcing Bar Mechanical Splice Couplers for compliance with several codes, including the 2006, 2009, and 2012 versions of the International Building Code.

72.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-2481, under copyright registration number TX 8-056-514.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 11.

73.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-2481 and are or have been

publishing and distributing it on the Internet as "UES Evaluation Report No. 319," in violation of ES's Website User Agreement.

74.     On February 1, 2012, ES published ES Evaluation Report No. ESR-2968 (valid from February 1, 2012 to March 1, 2014), assessing UltraFitDS® and AsureR® Loose-Fill Glass Fiber Insulation for compliance with several codes, including the 2009 versions of both the International Building and International Residential Codes.

75.     Effective August 26, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-2968, under copyright registration number TX 8-072-627.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 12.

76.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-2968 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 339," in violation of ES's Website User Agreement.

77.     On February 1, 2012, ES published ES Evaluation Report No. ESR-3111 (valid from February 1, 2012 to February 1, 2014), assessing Canyon Stone, Inc., Manufactured Stone and Brick Veneer for compliance with the 2006 versions of both the International Building and International Residential Codes.

78.     Effective August 26, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-3111, under copyright registration number TX 8-072-638.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 13.

79.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-3111 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 337," in violation of ES's Website User Agreement.

80.     On September 1, 2013, ES published ES Evaluation Report No. ESR-3246 (valid from September 1, 2013 to October 1, 2014), assessing Native Custom Stone for compliance with the 2006 and 2009 versions of both the International Building and International Residential Codes.

81.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-3246, under copyright registration number TX 8-056-495.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 14.

82.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-3246 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 353," in violation of ES's Website User Agreement.

83.     On January 1, 2014, ES published ES Evaluation Report No. ESR-3420 (valid from January 1, 2014 to February 1, 2015), assessing Glen-Gery Landmark Stone Manufactured Stone Veneer products for compliance with the 2012 versions of both the International Building and International Residential Codes.

84.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-3420, under copyright registration number TX 8-056-608.  A

true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 15.

85.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-3420 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 377," in violation of ES's Website User Agreement.

86.     On May 1, 2014, ES published ES Evaluation Report No. ESR-3511 (valid from May 1, 2014 to July 1, 2015), assessing Aeratis Porch Flooring for compliance with the 2012 versions of both the International Building and International Residential Codes.

87.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Evaluation Report No. ESR-3511, under copyright registration number TX 8-056-487.   A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 16.

88.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Evaluation Report No. ESR-3511 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 380," in violation of ES's Website User Agreement.

89.     On February 1, 2001, ES approved and published ES Acceptance Criteria No. 11 for testing and evaluating cementitious exterior wall coatings for compliance with the 1997 Uniform Building Code and the 2000 International Building and International Residential Codes.

90.     On January 12, 2016, ES filed an application to register with the Copyright Office its copyright in ES Acceptance Criteria No. 11.   A true and correct copy of the application filed with the Copyright Office is attached as Exhibit 17.

91.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Acceptance Criteria No. 11 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 382 Revised 11/30/2015."

92.     On February 1, 1991, ES approved and published ES Acceptance Criteria No. 51 for testing and evaluating the precast stone veneer for compliance with Chapter 30 of the Uniform Building Code.

93.     On January 11, 2016, ES filed an application to register with the Copyright Office its copyright in ES Acceptance Criteria No. 51.  A true and correct copy of the application filed with the Copyright Office is attached as Exhibit 18.

94.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Acceptance Criteria No. 51 and are or have been publishing and distributing it on the Internet as "UES Evaluation Report No. 337 Revised 11/24/2015," "UES Evaluation Report No. 353 Revised 11/24/2015," "UES Evaluation Report No. 377 Revised 11/24/2015," and "UES Evaluation Report No. 386 Revised 11/24/2015."

95.     On March 1, 2008, ES approved and published ES Acceptance Criteria No. 86 for testing and evaluating the structural performance of Cold-Formed Steel Framing Members— Interior, Nonload-Bearing Wall Assemblies for compliance with several codes including the 2006 versions of both the International Building and International Residential Codes.

96.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Acceptance Criteria No. 86, under copyright registration number TX 8-056-596.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 19.

97.     Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES Acceptance Criteria No. 86 and are or have been publishing and distributing it on the Internet as "IAPMO-ES Evaluation Criteria 004-2010."

98.     In 2013, ES authored, but never published, Proposed Acceptance Criteria Methods of Shear Transfer Which are Alternatives to Welded Stud Shear Connectors AC 453.

99.     Effective July 15, 2015, ES registered with the Copyright Office its copyright in ES Proposed Acceptance Criteria No. 453 as an unpublished work, under copyright registration number TXu 1-949-924.  A true and correct copy of the Certificate of Registration issued by the Copyright Office is attached as Exhibit 20.

100.    Without ES's authorization or license, Defendants have knowingly and willfully copied substantial portions of ES proposed Acceptance Criteria No. 453 and are or have been publishing and distributing it on the Internet as "IAPMO-ES Evaluation Criteria 023."

**COUNT I**
**Violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.**

101.    Plaintiff ES repeats and re-alleges each and every allegation contained in paragraphs 1 through 100 as if fully set forth herein.

102.    ES, as the owner of the copyrights, maintains exclusive rights to, *inter alia*, distribute and reproduce the Works.

103.    Defendants have infringed and will continue to infringe ES's copyrights in the Works by producing, distributing, and placing in the market products that are, in substantial part, direct copies of, or directly derived from, ES's copyrighted Works, without ES's permission or license.

104.    In these circumstances, the Copyright Act entitles ES to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them from engaging in any present or future acts in violation of the copyright laws.

105.    The Copyright Act further entitles ES to recover from Defendants actual damages it has sustained, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.

106.    The Copyright Act also entitles ES to statutory damages in lieu of actual damages plus attorneys' fees, as to Defendants' infringement of ES Evaluation Report No. ESR-1647.

## COUNT II
## Breach of Contract

107.    Plaintiff ES repeats and re-alleges each and every allegation contained in paragraphs 1 through 106 as if fully set forth herein.

108.    Use of ES's website and access to and use of content on it is governed by and subject to the Website User Agreement.

109.    At all relevant times, each webpage on ES's website, including the home page and the pages from which the ES Evaluation Reports may be accessed, reviewed and downloaded, provided a link titled "Website User Agreement" to the terms of use that govern the use of the site, which are prominently displayed.

110.    Upon information and belief, Defendants have, on hundreds of occasions, accessed webpages on ES's website, and accessed the ES Evaluation Reports made available through the website that are at issue in this lawsuit.

111.    Upon information and belief, Defendants were on notice and/or had actual knowledge of the Website User Agreement and affirmatively accepted the Website User

Agreement by their continuous and regular use of ES's website, which conspicuously presents the Website User Agreement link.

112.    Despite their knowledge of the Website User Agreement and its prohibitions, in violation of said agreement Defendants willfully, repeatedly, and systematically copied ES Evaluation Reports available on the ES website and modified those reports, failed to preserve ES's copyright notice on those reports, and used those copies and modified versions thereof for commercial purposes, including distributing those copies and modified versions and representing that the copies and modified reports reflected and included Defendants' own evaluations and conclusions.

113.    ES has performed all conditions and promises required of it in accordance with the Website User Agreement.

114.    Defendants' conduct has damaged ES, and caused and continues to cause irreparable and incalculable harm and injury to ES.

115.    ES is entitled to compensatory damages, injunctive relief and/or other equitable relief, attorneys' fees, and costs to remedy Defendants' willful, repeated, and systematic violation of ES's Website User Agreement.

## COUNT III
### Tortious Interference with Contract

116.    Plaintiff ES repeats and re-alleges each and every allegation contained in paragraphs 1 through 115 as if fully set forth herein.

117.    Customers applying for ES's Evaluation Reports agree to adhere to ES's Rules of Procedure; the application explicitly provides that "the applicant agrees to abide by … the Rules of Procedure of ICC Evaluation Service, LLC."  Ex. 1.

118.    Upon information and belief, Defendants at all pertinent times knew about ES's contracts with its customers as to each ES Evaluation Report identified in paragraph 25.

119.    Upon information and belief, Defendants, knowing about ES's contracts, intentionally induced and/or caused ES's customers to breach their contracts with ES by (a) providing ES's Evaluation Reports to Defendants to be copied and used by them, and/or (b) permitting reproduction of significant parts of ES Evaluation Reports in Defendants' evaluation reports, and/or (c) permitting Defendants to "misrepresent" authorship of ES's proprietary and copyrighted material, and/or (d) failing to obtain advance approval from ES when there was a question about the use of an ES Evaluation Report.

120.    Upon information and belief, Defendants, knowing about ES's contracts, will continue intentionally to induce and/or cause ES's customers to breach their contracts with ES by (a) providing ES's Evaluation Reports to Defendants to be copied and used by them, and/or (b) permitting reproduction of significant parts of ES Evaluation Reports in Defendants' evaluation reports and/or (c) permitting Defendants to "misrepresent" authorship of ES's proprietary and copyrighted material, and/or (d) failing to obtain advance approval from ES when there was a question about the use of an ES Evaluation Report.

121.    ES has been damaged and will continue to be damaged by Defendants' tortious interference with its contracts with its customers.

122.    ES is entitled to compensatory and punitive damages, injunctive relief and/or other equitable relief, attorneys' fees, and costs to remedy Defendants' tortious interference with ES's contracts and to enjoin Defendants from future tortious conduct in this regard.

**COUNT IV**
**Tortious Interference with Prospective Business Relationships**

123.    Plaintiff ES repeats and re-alleges each and every allegation contained in paragraphs 1 through 122 as if fully set forth herein.

124.    ES has valid business expectancies in its relationships with its customers that use or will use ES Evaluation Reports and ES Acceptance Criteria.

125.    Upon information and belief, by intentionally appropriating ES's copyrighted works, Defendants have been able to offer similar evaluation reports or evaluation criteria more quickly and for less money than they could have done without the unlawful use of ES's works.

126.    Upon information and belief, Defendants knew about ES's business expectancies and nonetheless intentionally and willfully interfered with ES's prospective business relationships with its customers by offering products that could not have been produced at the speed or at the cost offered without the unlawful use of ES's works.  In so doing, Defendants have injured and/or caused the termination of ES's business expectancies.

127.    Upon information and belief, Defendants will continue intentionally and willfully to interfere with ES's known prospective business relationships with its customers by offering products that could not be produced at the speed or at the cost offered without the unlawful use of ES's works.  In so doing, Defendants will injure and/or cause the termination of ES's business expectancies.

128.    ES has been damaged and will continue to be damaged by Defendants' tortious interference with its prospective business relationships.

129.    ES is entitled to compensatory and punitive damages, injunctive relief and/or other equitable relief, attorneys' fees, and costs to remedy Defendants' tortious interference with

prospective business relationships and to enjoin Defendants from future tortious conduct in this regard.

## RELIEF REQUESTED

WHEREFORE, Plaintiff ICC Evaluation Service, LLC, requests judgment against Defendants International Association of Plumbing and Mechanical Officials, Inc. and the IAPMO Evaluation Service, LLC and seeks relief, as follows:

A.      That judgment be entered for ES and against Defendants on all Counts;

B.      That this Court find that Defendants infringed ES's copyrights in the aforementioned Works;

C.      That this Court find that Defendants' infringement of ES's copyrighted Works was willful;

D.      That this Court find that Defendants will continue to infringe ES's copyrights in the Works unless enjoined from doing so;

E.      That Defendants, their officers, directors, agents, employees, affiliates, subsidiaries, and all other persons acting in concert with them, be temporarily, preliminarily, and permanently enjoined from directly or indirectly infringing ES's copyrights in the Works and any other works authored by ES; from marketing, offering, selling, disposing of, licensing, leasing, transferring, displacing, advertising, reproducing, developing, or manufacturing any works derived or copied from the Works or any other works authored by ES; and, from participating or assisting in any such activity;

F.      That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

G.      That ES be awarded its actual damages and any profits attributable to Defendants' infringements of ES's copyrights in the Works, and, where applicable, statutory damages for infringements of ES's copyrighted work;

H.      That Defendants be required to deliver for impounding during the pendency of this action, and for destruction, all copies, reproductions, or derivative works of offending works produced by Defendants based on the Works, all advertising and other promotional material for Defendants' products based on the Works or infringing copies of them, and all artwork and other promotional materials in Defendants' possession or custody or under their control relating to the copying or reproduction in whole or in part of the Works;

I.      That Defendants be required to delete permanently from Defendants' computers and information technology systems all electronic copies of the offending works;

J.      That Defendants be required to delete permanently, from any website that they own or control, all copies or reproductions of the offending works;

K.      That ES be awarded compensatory damages to remedy Defendants' tortious interference with ES's contracts;

L.      That ES be awarded compensatory damages to remedy Defendants' tortious interference with business relationships;

M.      That ES be awarded punitive damages for Defendants' tortious conduct;

N.      That Defendants, their officers, directors, agents, employees, affiliates, subsidiaries, and all other persons acting in concert with them, be temporarily, preliminarily, and permanently enjoined from tortiously interfering with ES's contracts;

O.     That Defendants, their officers, directors, agents, employees, affiliates, subsidiaries, and all other persons acting in concert with them, be temporarily, preliminarily, and permanently enjoined from tortiously interfering with ES's prospective business relationships;

P.     That ES be awarded reasonable attorneys' fees and costs incurred in connection with this action, including, but not limited to,  reasonable attorneys' fees and costs incurred in connection with Defendants' infringement of ES's copyrights;

Q.     That a jury hear ES's claims; and,

R.     That this Court grant any such other and further relief as it deems just and proper.


Dated: January  13, 2016                          Respectfully submitted,


                                                  */s/ J. Kevin Fee*
                                                  _____
                                                  J. Kevin Fee (D.C. Bar No. 494016)
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  1111 Pennsylvania Avenue, NW
                                                  Washington, DC 20004-2541
                                                  (202) 739-3000
                                                  (202) 739-3001 (Facsimile)
                                                  jkfee@morganlewis.com

                                                  -and-

                                                  James Hamilton (D.C. Bar No. 108928)
                                                  Raechel Keay Anglin (D.C. Bar No. 991999)
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  2020 K Street, NW
                                                  Washington, DC 20006-1806
                                                  (202) 373-6000
                                                  (202) 373-6001 (Facsimile)
                                                  james.hamilton@morganlewis.com
                                                  raechel.anglin@morganlewis.com

                                                  *Attorneys for Plaintiff*