IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ICC EVALUATION SERVICE, LLC, | ) Case No. 1:16-cv-54 |
| Plaintiff, | ) |
| v. | ) Hon. Emmet G. Sullivan |
| | ) **JURY TRIAL DEMANDED** |
| INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, INC., and IAPMO EVALUATION SERVICE, LLC | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, INC. AND IAPMO EVALUATION SERVICE, LLC TO THE AMENDED COMPLAINT OF PLAINTIFF ICC EVALUATION SERVICE, LLC**

Defendants International Association of Plumbing and Mechanical Officials, Inc. ("IAPMO") and IAPMO Evaluation Service, LLC ("IAPMO-ES") (collectively, "IAPMO Defendants"), through their undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby respond to the Amended Complaint filed by Plaintiff ICC Evaluation Service, LLC ("ICC-ES" or "Plaintiff") and state as follows:

With regard to the first unnumbered Paragraph of the Amended Complaint, IAPMO Defendants admit that ICC-ES brings this action alleging the purported violations it references in that Paragraph and that ICC-ES seeks, by its Amended Complaint, the relief it references. IAPMO Defendants deny any such purported violations of law as alleged and specifically deny any liability as stated on the part of IAPMO Defendants, collectively or individually. IAPMO Defendants deny any and all other allegations contained in the first unnumbered Paragraph that are not expressly admitted. The IAPMO Defendants further allege that this Court, by its Memorandum Opinion and Order dated September 19, 2016, dismissed Counts II through IV, with prejudice; therefore, the allegations pertaining to those counts require no answer.

## NATURE OF THE ACTION

1. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and, on that basis, deny each and every allegation contained in Paragraph 1.

2. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and, on that basis, deny each and every allegation contained in Paragraph 2.

3. IAPMO Defendants admit that, by its Amended Complaint, ICC-ES brings claims for "copyright infringement, breach of contract, and tortious conduct relating to certain [ICC-ES] Evaluation Reports and Acceptance Criteria" and seeks the recovery of damages. Plaintiff's state law claims for breach of contract, tortious interference with contract and tortious interference with prospective business relationships were dismissed with prejudice pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016, and, therefore, the allegations pertaining to those counts require no answer. IAPMO Defendants deny any such purported violations of law as alleged and specifically deny any liability as stated on the part of IAPMO Defendants, collectively or individually. IAPMO Defendants deny any and all other allegations contained in Paragraph 3 that are not expressly admitted.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 call for a legal conclusion inappropriate for admission or denial. To the extent a response is required, IAMPO Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. The allegations contained in Paragraph 5 call for a legal conclusion inappropriate for admission or denial. Moreover, Plaintiff's state law claims for breach of contract, tortious interference with contract and tortious interference with prospective business relationships were dismissed by the Court in its Order dated September 19, 2016. To the extent a response is required, IAMPO Defendants deny the allegations in Paragraph 5.

6. The allegations contained in Paragraph 6 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAMPO Defendants deny the allegations in Paragraph 6.

7. The allegations contained in Paragraph 7 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAMPO Defendants deny the allegations in Paragraph 7.

## PARTIES

8. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, on that basis, deny each and every allegation contained in Paragraph 8.

9. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, on that basis, deny each and every allegation contained in Paragraph 9.

10. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny each and every allegation contained in Paragraph 10.

11. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, deny each and every allegation contained in Paragraph 11.

12. IAPMO Defendants admit the allegations contained in Paragraph 12.

13. IAPMO Defendants admit that one of IAPMO's services is to "develo[p] model building codes, including the Uniform Plumbing Code and Uniform Mechanical Code." Except as expressly admitted, IAPMO Defendants deny each and every allegation contained in Paragraph 13.

14. IAPMO Defendants admit the allegations contained in Paragraph 14.

15. IAPMO Defendants admit that one aspect of IAPMO-ES' services is that it "creates evaluation criteria, evaluates building products, and writes evaluation reports." Except

as expressly admitted, IAPMO Defendants deny each and every allegation contained in Paragraph 15.

## THE COPYRIGHT ACT

16. The allegations contained in Paragraph 16 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 21.

## FACTUAL ALLEGATIONS

### Copyright Infringement

22. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and, on that basis, deny each and every allegation contained in Paragraph 22.

23. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, deny each and every allegation contained in Paragraph 23.

24. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and, on that basis, deny each and every allegation contained in Paragraph 24.

25. IAPMO Defendants deny each and every allegation contained in Paragraph 25. For the avoidance of doubt, IAPMO Defendants deny each and every allegation contained in Paragraph 25(a)-(q), inclusive.

26. IAPMO Defendants deny each and every allegation contained in Paragraph 26.

27. IAPMO Defendants deny each and every allegation contained in Paragraph 27.

28. IAPMO Defendants deny each and every allegation contained in Paragraph 28.

29. IAPMO Defendants deny each and every allegation contained in Paragraph 29.

30. IAPMO Defendants deny each and every allegation contained in Paragraph 30. IAPMO Defendants specifically deny that ICC-ES has suffered, or will suffer, any injury, harm or damages as a result of any conduct, action or activity of IAPMO Defendants, collectively or individually. IAPMO Defendants further demand proof of any alleged damages.

### Tortious Interference with ES' Contracts and ES' Business Relationships

31-42. Counts III and IV, related to Paragraphs 31-42, were dismissed with prejudice pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016. Therefore, no response is necessary. To the extent a response is necessary, Defendants deny any liability as

stated on the part of Defendants, individually or collectively. Defendants further deny any and all conclusions stated, implied or suggested in Paragraphs 31-42.

### Breach of Contract

43-49. Count II, related to Paragraphs 43-49, was dismissed with prejudice pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016. Therefore, no response is necessary. To the extent a response is necessary, Defendants deny any liability as stated on the part of Defendants, individually or collectively. Defendants further deny any and all conclusions stated, implied or suggested in Paragraphs 43-49.

### THE COPYRIGHTED WORKS

50. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, deny each and every allegation contained in Paragraph 50.

51. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, deny each and every allegation contained in Paragraph 51.

52. IAPMO Defendants deny each and every allegation contained in Paragraph 52.

53. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and, on that basis, deny each and every allegation contained in Paragraph 53.

54. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and, on that basis, deny each and every allegation contained in Paragraph 54.

55. IAPMO Defendants deny each and every allegation contained in Paragraph 55.

56. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and, on that basis, deny each and every allegation contained in Paragraph 56.

57. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and, on that basis, deny each and every allegation contained in Paragraph 57.

58. IAPMO Defendants deny each and every allegation contained in Paragraph 58.

59. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and, on that basis, deny each and every allegation contained in Paragraph 59.

60. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and, on that basis, deny each and every allegation contained in Paragraph 60.

61. IAPMO Defendants deny each and every allegation contained in Paragraph 61.

62. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and, on that basis, deny each and every allegation contained in Paragraph 62.

63. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and, on that basis, deny each and every allegation contained in Paragraph 63.

64. IAPMO Defendants deny each and every allegation contained in Paragraph 64.

65. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and, on that basis, deny each and every allegation contained in Paragraph 65.

66. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and, on that basis, deny each and every allegation contained in Paragraph 66.

67. IAPMO Defendants deny each and every allegation contained in Paragraph 67.

68.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and, on that basis, deny each and every allegation contained in Paragraph 68.

69.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and, on that basis, deny each and every allegation contained in Paragraph 69.

70.   IAPMO Defendants deny each and every allegation contained in Paragraph 70.

71.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis, deny each and every allegation contained in Paragraph 71.

72.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and, on that basis, deny each and every allegation contained in Paragraph 72.

73.   IAPMO Defendants deny each and every allegation contained in Paragraph 73.

74.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and, on that basis, deny each and every allegation contained in Paragraph 74.

75.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and, on that basis, deny each and every allegation contained in Paragraph 75.

76.   IAPMO Defendants deny each and every allegation contained in Paragraph 76.

77.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and, on that basis, deny each and every allegation contained in Paragraph 77.

78.   IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and, on that basis, deny each and every allegation contained in Paragraph 78.

79. IAPMO Defendants deny each and every allegation contained in Paragraph 79.

80. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and, on that basis, deny each and every allegation contained in Paragraph 80.

81. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and, on that basis, deny each and every allegation contained in Paragraph 81.

82. IAPMO Defendants deny each and every allegation contained in Paragraph 82.

83. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and, on that basis, deny each and every allegation contained in Paragraph 83.

84. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and, on that basis, deny each and every allegation contained in Paragraph 84.

85. IAPMO Defendants deny each and every allegation contained in Paragraph 85.

86. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and, on that basis, deny each and every allegation contained in Paragraph 86.

87. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and, on that basis, deny each and every allegation contained in Paragraph 87.

88. IAPMO Defendants deny each and every allegation contained in Paragraph 88.

89. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and, on that basis, deny each and every allegation contained in Paragraph 89.

90. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and, on that basis, deny each and every allegation contained in Paragraph 90.

91. IAPMO Defendants deny each and every allegation contained in Paragraph 91.

92. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and, on that basis, deny each and every allegation contained in Paragraph 92.

93. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and, on that basis, deny each and every allegation contained in Paragraph 93.

94. IAPMO Defendants deny each and every allegation contained in Paragraph 94.

95. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and, on that basis, deny each and every allegation contained in Paragraph 95.

96. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and, on that basis, deny each and every allegation contained in Paragraph 96.

97. IAPMO Defendants deny each and every allegation contained in Paragraph 97.

98. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and, on that basis, deny each and every allegation contained in Paragraph 98.

99. IAPMO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and, on that basis, deny each and every allegation contained in Paragraph 99.

100. IAPMO Defendants deny each and every allegation contained in Paragraph 100.

## COUNT I

### Violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.

101. IAPMO Defendants incorporate by reference each and every admission, denial or other response contained Paragraphs 1 through 100 as if fully set forth herein.

102. IAPMO Defendants deny each and every allegation contained in Paragraph 102.

103. IAPMO Defendants deny each and every allegation contained in Paragraph 103.

104. The allegations contained in Paragraph 104 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 104.

105. The allegations contained in Paragraph 105 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 105.

106. The allegations contained in Paragraph 106 call for a legal conclusion, inappropriate for admission or denial. To the extent a response is required, IAPMO Defendants deny any liability and any other conclusions stated, implied or suggested from the allegations contained in Paragraph 106.

## COUNT II

### Breach of Contract

107-115. Count II, related to Paragraphs 107-115, was dismissed with prejudice, pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016. Therefore, no response is necessary. To the extent a response is necessary, Defendants deny any liability as stated on the part of Defendants, individually or collectively. Defendants further deny any and all conclusions stated, implied or suggested in Paragraphs 107-115.

## COUNT III

### Tortious Interference with Contract

116-122.   Count III, related to Paragraphs 116-122, was dismissed with prejudice, pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016. Therefore, no response is necessary. To the extent a response is necessary, Defendants deny any liability as stated on the part of Defendants, individually or collectively. Defendants further deny any and all conclusions stated, implied or suggested in Paragraphs 116-122.

## COUNT IV

### Tortious Interference with Prospective Business Relationships

123-129.   Count IV, related to Paragraphs 123-129, was dismissed with prejudice, pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016. Therefore, no response is necessary. To the extent a response is necessary, Defendants deny any liability as stated on the part of Defendants, individually or collectively. Defendants further deny any and all conclusions stated, implied or suggested in Paragraphs 123-129.

## RELIEF REQUESTED

Paragraphs A through R following Paragraph 129 of the Amended Complaint comprise ICC-ES' prayer for relief and, for that reason, do not require a response. However, Counts II, III and IV of Plaintiff's Amended Complaint were dismissed with prejudice, pursuant to this Court's Memorandum Opinion and Order dated September 19, 2016. However, to the extent these Paragraphs contain factual allegations, IAPMO Defendants deny each and every allegation contained in those Paragraphs; they also deny any and all liability as alleged and deny that ICC-ES is entitled to any relief.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, IAPMO Defendants, based on knowledge and information presently available to them, state as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction/Failure to Satisfy Requirement of Registration)

ICC-ES' claim for copyright infringement is barred for lack of subject matter jurisdiction, because ICC-ES lacks valid copyright registrations for the purported intellectual property rights it asserts and/or has not properly registered works.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity of Copyrights)

ICC-ES is not entitled to recover on its purported copyright claim because the copyrights that are relied on are invalid and/or unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

Any alleged conduct by IAPMO Defendants, collectively or individually, as set forth in the Amended Complaint constitutes a "fair use" pursuant to applicable copyright law.

### FIFTH AFFIRMATIVE DEFENSE

### (Doctrine of Merger)

Any alleged conduct by IAPMO Defendants, collectively or individually, related to the purported copyrighted works as set forth in the Amended Complaint is not infringement as a result of the doctrine of merger.

## SIXTH AFFIRMATIVE DEFENSE

### (Doctrine of *Scenes a Faire*)

Any alleged conduct by IAPMO Defendants, collectively or individually, related to the purported copyrighted works as set forth in the Amended Complaint is not infringement as a result of the doctrine of *scenes a faire*; Plaintiff's and Defendants' works include language that is indispensable and/or standard in the industry.

## SEVENTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

In making the claim for copyright infringement in the Amended Complaint, ICC-ES has filed unmeritorious and sham claims, and, combined with its other improper conduct involving its purported copyrights, including, among other things, misusing its copyrighted works to accomplish, and in furtherance of, anti-competitive purposes.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

By its improper conduct, ICC-ES' claim of copyright infringement is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's copyright claim is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office)

ICC-ES has engaged in fraud on the Copyright Office in that, in its applications for copyright registration for the works at issue in the Amended Complaint, it intentionally made false representations that, among other things, it authored the subject works, and these misrepresentations were material because, in their absence, the registrations would not have issued.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Statutory Damages)

ICC-ES is precluded from any recovery of statutory damages as defined under the Copyright Act.

## TWELTH AFFIRMATIVE DEFENSE

### (First Amendment)

ICC-ES' claim is barred to the extent that IAPMO-ES and/or IAPMO are protected by the First Amendment of the U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue/Forum *Non Conveniens*)

ICC-ES' Amended Complaint lays improper venue under 28 U.S.C. § 1391, *et seq.* and/or the action is subject to transfer under the doctrine of forum *non conveniens* under 28 U.S.C § 1404(a) and other applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

IAPMO Defendants may have additional affirmative defenses of which they are not presently aware. Accordingly, they reserve the right to supplement or amend this Answer, including the right to assert additional affirmative defenses or any other defenses, in law or in equity, that may be available in the future based upon the course of discovery, other factual investigation or any proceedings in this action.

## **DEMAND FOR JURY TRIAL**

IAMPO Defendants hereby respectfully request a trial by jury.

<table>
<tr><td>**Dated: October 3, 2016**</td><td>Respectfully submitted,

VORYS, SATER, SEYMOUR and PEASE LLP

By: *(signature)* 
Pamela A. Bresnahan (D.C. Bar No. 366735)
pabresnahan@vorys.com
Raymond D. Pinkham (D.C. Bar No. 1016412)
rdpinkham@vorys.com

1909 K Street, N.W., 9th Floor
Washington, D.C. 20006-1152
Tel: (202) 467-8861
Fax: (202) 533-9020

*Attorneys for IAPMO Defendants*

Peter S. Selvin (Admitted *Pro Hac Vice*)
pselvin@troygould.com

TroyGould PC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Tel: (310) 553-4441
Fax: (310) 201-4746

*Attorney for IAPMO Defendants*</td></tr>
</table>

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and the Local Rules, I hereby certify that on this 3rd day of October, 2016, a copy of the foregoing Answer and Affirmative Defenses was filed electronically. Service of this filing to all Parties, including those listed below, will be accomplished by operation of the Court's CM/ECF system:

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
(202) 739-3000
(202) 739-3001 (FAX)
jkfee@morganlewis.com

James Hamilton
Raechel Keay Anglin
Morgan Lewis & Bockius LLP
2020 K Street, NW
Washington, DC 20006-1806
(202) 373-6000
(202) 373-6001 (FAX)
james.hamilton@morganlewis.com
raechel.anglin@morganlews.com

_____
Raymond D. Pinkham