IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ICC EVALUATION SERVICE, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, INC., *et al.*,<br><br>      Defendants. | Case No.: 1-16-cv-54-EGS-DAR |

**MOTION OF INTERNATIONAL CODE COUNCIL, INC.
TO INTERVENE AS PLAINTIFF-INTERVENOR**

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 7 and 24 and Local Rule 7(j), the International Code Council, Inc. ("ICC") respectfully moves to intervene as of right as a Plaintiff-Intervenor in the above-captioned action. *See* Fed. R. Civ. P. 24(a)(1); 17 U.S.C. § 501(b). In the alternative, ICC respectfully requests permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(2).[1] ICC has attached its proposed Plaintiff-Intervenor's Complaint to this Motion as Exhibit A.

As discussed below, the case or controversy between ICC and International Association of Plumbing and Mechanical Officials, Inc. ("IAPMO") and IAPMO Evaluation Service, LLC ("IAPMO-ES") (together, "Defendants") first arose on or about March 22, 2018. Although Defendants jointly moved to permit, *inter alia*, Plaintiff ICC Evaluation Service, LLC ("ES") to file a Second Amended Complaint, including copyright infringement claims against Defendants as to certain "Legacy Works," (ECF No. 62 at ¶¶ 33, 48, 54, 75, 83, 89, 110, 118, 128), on March 22, 2018, Defendants baselessly asserted that ES does not own the copyrights in and to the Legacy Works; Defendants then filed a Partial Motion to Dismiss the Second Amended Complaint on that purported ground. (ECF No. 63). ICC understands that ES has filed a Third Amended Complaint in accordance with this Court's April 6, 2018 Order issued in open court. (ECF Nos. 69, 70). Nonetheless, Defendants' assertions as to the ownership of the Legacy Works necessitate that ICC protect any rights in and to copyrights or copyright registrations it may own in this litigation.

In its proposed Plaintiff-Intervenor's Complaint, ICC seeks a declaratory judgment from this Court, *inter alia*, that, on or about January 31, 2003, ICC validly and effectively donated and

---

[1] Plaintiff ICC Evaluation Service, LLC consents to ICC's intervention. Undersigned counsel represents the Plaintiff and proposed Plaintiff-Intervenor in this action. On April 5th and 13th, 2018, in accordance with Local Rule 7(m), ICC sought Defendants' consent to this Motion. Defendants do not consent to ICC's intervention.

1

assigned all of its right, title, and interest, including copyrights and copyright registrations, in and to ICC's Evaluation Reports, also called Research Reports (hereinafter "Evaluation Reports"), and Acceptance Criteria, in accordance with the Copyright Act, including the Legacy Works at issue in the Third Amended Complaint, to National Evaluation Services, Inc. ("NES"), which eventually was transformed into ES. In the event that this Court concludes that ICC did not validly and effectively donate and assign its right, title, and interest, including the copyrights and copyright registrations, in and to the Legacy Works NES, then ICC was and is the owner of those same Legacy Works. Thus, in its proposed Plaintiff-Intervenor's Complaint, ICC asserts claims, in the alternative, against Defendants to remedy massive, flagrant, and willful copyright infringement of language owned by ICC.

Simply put, Defendants either have infringed ES's copyrights in the Legacy Works, or Defendants have infringed ICC's copyrights in the Legacy Works—Defendants must be held accountable either way. ES long has contended in this action that it owns the Legacy Works and the copyrights and copyright registrations thereto: through a series of transactions, ownership of those Legacy Works was transferred to ES, and ES thus is their owner. But if this Court finds otherwise, ICC then continues to own the Legacy Works and the copyright and copyright registrations thereto, and is entitled to intervene in this action as a matter of right to protect its copyrights in those works.

Moreover, ICC's intervention in this action will further judicial efficiency. On April 3, 2018, ICC filed a separate action in this Court, *International Code Council, Inc. v. International Association of Plumbing and Mechanical Officials, Inc. and IAPMO Evaluation Service, LLC*, Civil Action No.: 1:18-00765-EGS (the "*ICC* Action"), against the same Defendants in this action. In that case, ICC asserts the same claims that it now sets forth in its proposed Plaintiff-Intervenor's

2

Complaint; namely claims for a declaratory judgment and, in the alternative, judgment for copyright infringement against Defendants. If ICC intervenes in this action and files its proposed Plaintiff-Intervenor's Complaint, ICC will agree to stay the separate *ICC* Action. Intervention will facilitate the most cost-effective and efficient resolution of ICC and ES's related claims. ICC will participate in this action on the schedule that has been established for existing parties and ordered by the Court in the current Scheduling Order, as revised by the Court during the April 6, 2018 status conference. (ECF Nos. 61, 62, 69). ICC's intervention thus will avoid unnecessary duplication of effort, and this Court should grant ICC's motion to intervene.

## BACKGROUND

On January 13, 2016, ES filed its Complaint (ECF No. 1) against Defendants, alleging copyright infringement with regard to certain Evaluation Reports and Acceptance Criteria owned by ES.

On March 1, 2018, with Defendants' consent, ES filed its Second Amended Complaint (ECF No. 62), *inter alia*, to include copyright infringement claims against Defendants with regard to eight Evaluation Reports and/or Acceptance Criteria (the "Legacy Works"), the right, title, and interest, including copyrights and copyright registrations in and to which were previously assigned and/or transferred to NES, the entity that was transformed into Plaintiff ES.[2] On or about January 31, 2003, ICBO validly and effectively donated and assigned to ICC, *inter alia*, all of its right,

---

[2] The Legacy Works, enumerated at ECF No. 70 ¶ 62, include: ICBO-ES Evaluation Report No. ER-3568; ICBO-ES Evaluation Report No. ER-3899; ICBO-ES Evaluation Report No. ER-3967; ICBO-ES Evaluation Report No. ER-5437; ICBO-ES Evaluation Report No. PFC-5501; ICBO-ES Acceptance Criteria No. 11; ICBO-ES Acceptance Criteria No. 118; ICBO-ES Acceptance Criteria for Precast Stone Veneer. (ECF No. 70 ¶ 62). ES also added copyright infringement claims with respect to two additional Evaluation Reports: ICC-ES ESR 2447 and ICC-ES ESR 3081. Those two reports are not "Legacy Works."

title, and interest in and to the Legacy Works, in compliance with the Copyright Act.  *See* ECF No, 70-1.  The same day, ICC then validly and effectively donated and assigned to NES, which eventually was transformed into ES, all right, title, and interest to*, inter alia*, the Legacy Works. ICC memorialized its donation and assignment to NES in a written Confirmatory Assignment dated February 9, 2018.  *See* ECF No. 70-2.

On March 27, 2018, Defendants filed a Partial Motion to Dismiss ES's copyright claims related to the Legacy Works (ECF No. 63).  Defendants appear to contend that ICC, rather than ES, is the proper party to allege that Defendants have infringed the copyrights to the Legacy Works.  Defendants assert that: (1) "[t]he only document found evidencing a transfer of ICBO's copyright interests in the Legacy Works" provided for the transfer of those rights from ICBO to ICC, and (2) that there is insufficient evidence showing that ICC validly donated or assigned to ES its copyrights in the "Legacy Works." *Id.* at 7–14.  Defendants also note that ICC "is not a party to this lawsuit." *Id.* at 11.

As ICC understands ES explained at the April 6, 2018 hearing before this Court, (ECF No. 69), and as it has shown in filing the Third Amended Complaint (ECF No. 70), Defendants are factually and legally incorrect; ES owns, and has properly alleged that it owns, the copyrights and copyright registrations in the Legacy Works.  Furthermore, Defendants are not in a position to contest the sufficiency of the supporting documentation because they have no claim of ownership in the copyrighted material.

Nonetheless, ICC brings this Motion to Intervene in order to clarify copyright ownership in the Legacy Works and protect any copyrights ICC may retain.  Specifically, ICC's proposed Plaintiff-Intervenor's Complaint seeks a declaratory judgment that:

> (1) in compliance with the Copyright Act, on or about January 31, 2003, ICBO validly and effectively donated and assigned, *inter alia*, all of its right, title, and

4

interest, including copyright and copyright registrations, in and to its Evaluation Reports, which were also called Research Reports, and its Acceptance Criteria to ICC; and (2) in compliance with the Copyright Act and as memorialized in a written Confirmatory Assignment dated February 9, 2018, on or about January 31, 2003, ICC validly and effectively donated and assigned to NES, which eventually was transformed into ES, all of ICC's right, title, and interest, including copyright and copyright registrations, in and to all of ICC's Evaluation Reports and Acceptance Criteria, including all right, title, and interest in and to the Evaluation Reports and Acceptance Criteria that previously were donated and assigned to ICC by ICBO.

In the alternative, ICC brings this action to remedy massive, flagrant, and willful copyright infringement by Defendants of language owned by ICC in the Legacy Works.  ICC seeks permanent injunctive relief requiring Defendants to cease and desist from their infringement and to remove from distribution in every form, including Internet distribution, all infringing reproductions and adaptations of its copyrighted works.  In addition, where applicable, ICC seeks actual or statutory damages, disgorgement of Defendants' profits, and attorneys' fees under the Copyright Act.  *See* Plaintiff-Intervenor International Code Council, Inc.'s Complaint at ¶¶ 115– 121, 122–127, A–P.

## ICC IS ENTITLED TO INTERVENE IN THIS ACTION

### A. Intervention as of Right

ICC is entitled to intervene in the above-captioned action as of right.  *See* Fed. R. Civ. P. 24(a)(1); 17 U.S.C. § 501(b).  Pursuant to Federal Rule of Civil Procedure 24(a)(1), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right by a federal statute[.]" Fed. R. Civ. P. 24(a)(1).  Put differently, "to succeed on a motion to intervene under Rule 24(a)(1), a potential intervenor need only demonstrate (1) that its motion is timely and (2) that the statute clearly applies." *Photographic Illustrators Corp. v. Orgill, Inc.*, 316 F.R.D. 45, 48 (D. Mass. 2016).  ICC meets both of these requirements.

Section 501(b) of the Copyright Act grants copyright owners an unconditional right to intervene in infringement actions.  *See Distribuidora De Discos Karen C. Por A. v. Universal*

5

*Music Grp, Inc.*, No. 13-7706, 2015 WL 4041993, at *3 (S.D.N.Y. July 2, 2015) (granting intervention as of right under Section 501(b)); *Vestron, Inc. v. Home Box Office, Inc.*, No. 87-4603, 1987 WL 123012, at *2 (C.D. Cal. Nov. 20, 1987) (same).  It provides that "the court may require the joinder, and *shall* permit the intervention[] of any person having or claiming an interest in" a copyright that is subject to an infringement action.  17 U.S.C. § 501(b) (emphasis added); *see also Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016) ("When a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty.").

Defendants' arguments in their Partial Motion to Dismiss demonstrate that ICC's intervention as of right is appropriate.  Defendants contend that "[t]he only document found evidencing a transfer of ICBO's copyright interests in the Legacy Works was a January 31, 2003 'Restricted Donation Agreement,'" which provided "for the transfer of all intellectual property of ICBO (as donor) to ICC (as Donee)."  (ECF No. 63 at 11).  Defendants then assert (incorrectly), that "[n]o evidence, either alleged in the Second Amended Complaint or produced in discovery, supports the notion that any [subsequent] transfer [from ICC to ES] occurred." *Id.*  Thus, if this Court finds that ICC did not validly and effectively assign its Evaluation Reports and Acceptance Criteria to ES, then ICC owns the Legacy Works and may intervene as of right to protect any copyrights it retains in the Legacy Works.  *See* Fed. R. Civ. P. 24(a)(1); 17 U.S.C. § 501(b).

As this Court has stated, "[t]he range of activity of an intervenor must be as extensive but no greater than that allowed the original parties to the suit." *Thompson v. Deal*, 49 F. Supp. 366, 369 (D.D.C. 1943).  A plaintiff-intervenor does not run afoul of that rule simply because it "employ[s] different theories and set[s] forth different arguments than plaintiff, [provided] the

6

central interest at issue remains constant." *Me-Wuk Indian Comty of the Wilton Rancheria v. Kempthorne*, 246 F.R.D. 315, 321 (D.D.C. 2007).

Neither ICC's proposed declaratory judgment claim nor its copyright infringement claim as to the Legacy Works deviates from the central issues at stake in this action. *Id.* ICC's claim for declaratory judgment, if granted, would resolve factual issues bearing on ES's allegations that Defendants have infringed its copyrights to the Legacy Works. Alternatively, ICC's infringement claim uses the nearly identical allegations as to the Legacy Works that were presented in the Second and Third Amended Complaints, based on the exact same facts. The only difference is that ICC, rather than ES, alleges ownership of the copyrights to the Legacy Works. Either way, ES and ICC seek to hold Defendants liable for their infringement of the copyrights in the Legacy Works. Thus, the core of both theories share an interest in protecting the copyrights in the Legacy Works and "the central interest at issue remains constant." *Id.*

ICC is statutorily entitled to intervene as of right, provided its motion is timely. It unquestionably is. When evaluating the timeliness of an intervention motion, this Court looks to the date the "party seeking to intervene knew or should have known that any of [its] rights would be directly affected by the litigation." *United States v. Bank of America*, 303 F.R.D. 114, 118 (D.D.C. 2014) (internal citations omitted). Here, that date was March 22, 2018, a mere three weeks ago. Moreover, it has been only one week since this Court ordered ES to file a more definite statement. (ECF No. 69).

ICC did not know, and should not have known, that any of its copyright interests or ownership rights potentially were at stake in this litigation until after Defendants informed ES of the purported grounds for Defendants' Partial Motion to Dismiss.

ES and ICC long have maintained, and continue to maintain, that ICC validly and effectively donated and assigned all rights, title, and interest, including copyrights and copyright registrations, in the Legacy Works to NES (which later was transformed into ES). *E.g.*, ECF No. 62 at ¶ 30. ICC thus neither knew nor anticipated that it may have rights in the Legacy Works that would be at issue in this litigation. Indeed, on February 27, 2018, Defendants agreed, and the Court found "good cause," to file the Second Amended Complaint which alleges that ES owns the Legacy Works. (ECF Nos. 60, 61). However, should this Court find that ICC did not validly and effectively donate and assign the Legacy Works to NES, which was transformed into ES, ICC is entitled to protect its copyrights in the Legacy Works. By filing this motion on the same day as ES has filed its Third Amended Complaint, ICC promptly moves to protect any such interests in the Legacy Works. *See* Fed. R. Civ. P. 24(a). Thus, ICC's timely has field this Motion to Intervene, and ICC is entitled intervene in this action as of right.

**B. Permissive Intervention**

In the alternative, ICC seeks permissive intervention in this action. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(b). A putative plaintiff-intervenor seeking permissive intervention must present: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Sevier v. Lowenthal*, No. 17-570, 2018 WL 1472495, at *4 (D.D.C. Mar. 26, 2018) (internal citations omitted). A plaintiff-intervenor meets this third requirement when "the facts necessary to assert [the intervenor's] claim are essential[ly] the same facts as those necessary to establish [an existing party's] claim." *Butte County, Cal. v. Hogen*, No. 08-519, 2008 WL 2410407, at *2 (D.D.C. Jun. 16, 2008) (internal citations omitted). ICC

unquestionably satisfies all three factors, and this Court should grant ICC permission to intervene in the above-captioned action.

 1. This Court has subject matter jurisdiction over ICC's putative claims in intervention. ICC's action for a declaratory judgment arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. *See* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent"). ICC's copyright infringement claim, presented in the alternative, also arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. *See also* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled…to institute an action for any infringement of that particular right committed while he or she is the owner of it."); 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights."). Accordingly, this Court has federal question jurisdiction over both claims, pursuant to 28 U.S.C. §§ 1331, 1338(a).

 2. ICC timely moves to intervene a mere three weeks after learning that Defendants intended to challenge the transfer of rights from ICC to NES, 17 days after Defendants actually made that challenge in their Partial Motion to Dismiss, and only one week after this Court ordered ES to file a more definite statement as to the ownership of the Legacy Works. *See also supra* at 7–8.

 3. ICC's and ES's respective claims present common questions of law and fact. Resolution of both entities' claims requires this Court to determine two questions: (1) who owns the copyrights to the Legacy Works; and (2) whether Defendants' actions infringed those copyrights. In order for this Court to resolve the first question, it must analyze the January 31, 2003 donation and

9

assignment between ICC and NES (which was transformed into ES), as well as the February 9, 2018 Confirmatory Assignment and related documents. In order for this Court to answer the second question, it must analyze Defendants' massive, flagrant, and willful copyright infringements of the Legacy Works by the exact same conduct.

Finally, although district courts have "wide latitude" in determining whether to permit permissive intervention, they are directed to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Sevier*, 2018 WL 1472495, at *4 (internal citations omitted). ICC's motion to intervene, if granted, would expedite, not delay, the resolution of this dispute, without prejudicing the parties.

Regardless of ICC's intervention, this Court must resolve whether ES has established that it owns the copyrights to the Legacy Works. And should this Court find that ES does not own the copyrights in the Legacy Works, then ICC would be entitled to pursue an infringement action against Defendants for their unlawful use of language from the copyrighted Legacy Works, as ICC is doing in the now pending, related *ICC* Action. Accepting ICC as a plaintiff-intervenor would obviate the need for that separate litigation. As said, ICC is amenable to the scheduling order currently in place and intervention poses no risk of delaying discovery, which is stayed as related to the Legacy Works, and in which ICC already has participated. This Court should grant ICC's motion to intervene.

## **CONCLUSION**

For the foregoing reasons, ICC respectfully requests that this Court grant its motion to intervene and any other and further relief as deemed just and proper.

Dated:  April 13, 2018                    *s/ J. Kevin Fee*
                                                    J. Kevin Fee (D.C. Bar No. 494016)
James Hamilton (D.C. Bar No. 108928)
Raechel Keay Kummer (D.C. Bar No. 991999)
Clara Kollm (D.C. Bar No. 1029841)
Jane W. Wise (D.C. Bar No. 1027769)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
(202) 739-3000
(202) 739-3001 (Facsimile)
kevin.fee@morganlewis.com
james.hamilton@morganlewis.com
raechel.kummer@morganlewis.com
clara.kollm@morganlewis.com
jane.wise@morganlewis.com

*Counsel For International Code Council, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2018, the foregoing MOTION TO INTERVENE was filed with the clerk of this Court via the CM/ECF system which will notify all counsel of record including:

Pamela Anne Bresnahan
William H. Oldach, III
Raymond D. Pinkham
Sarah E. Godfrey
VORYS, SATER, SEYMOUR & PEASE LLP
1909 K Street, NW, 9th Floor
Washington, DC 20006
pabresnahan@vorys.com
wholdach@vorys.com
rdpinkham@vorys.com
sgodfrey@vorys.com

                                                *s/ J. Kevin Fee*
                                                J. Kevin Fee